Hillsborough
No. 80-238

## In re RAYMOND K.

June 18, 1980

*Ahlgren & Smith*, of Manchester (*Gregory J. Ahlgren* orally), for the plaintiff.

*Gregory H. Smith*, acting attorney general (*Betsy S. Westgate*, attorney, orally), for the State.

PER CURIAM. This interlocutory transfer raises the question whether the statutory "speedy trial" sections of RSA 169-B (Supp. 1979), applicable to district courts, shall likewise apply in cases of de novo appeals by juveniles to superior court. *See In re Russell C.*, 120 N.H. 260, 414 A.2d 934 (1980). We hold that they do not.

After delinquency proceedings in the Manchester District Court on two juvenile petitions, the juvenile was found delinquent and committed to the Youth Development Center for the term of his minority. Notices of appeal pursuant to RSA 169-B:29 (Supp. 1979) were filed in superior court on the respective juvenile petitions on February 12 and March 6, 1980. On April 22, 1980, the juvenile

filed motions to dismiss the cases in superior court based upon a theory that the State's failure to hold an adjudicatory hearing within twenty-one days violated his statutory right to a speedy trial. RSA 169-B:14 II (Supp. 1979); *see In re Russell C. supra.* A later motion was filed alleging failure to strictly comply with the seven-day arraignment section, RSA 169-B:7 I (Supp. 1979). Pursuant to Supreme Court Rule 9, *Pappagianis,* J., transferred both motions to this court without ruling.

■ RSA 169-B:2 I (Supp. 1979) defines the word "court" to mean "the district court, unless otherwise indicated." When another court is involved in a step in the juvenile process, it is specifically mentioned. *See* RSA 169-B:22 (Supp. 1979) (probate court) and RSA 169-B:24, :25, :29 (Supp. 1979) (superior court). The time limit sections of the chapter, on which the juvenile relies, speak only of "courts"; they therefore impose statutory time limits only on district courts. *See* RSA 169-B:7 I, :14 II, :16 (Supp. 1979). RSA 169-B:29 (Supp. 1979) could be construed as imposing a time constraint on the superior court in that it provides that in cases of appeal to superior court the matter shall be given "priority on the court calendar." No specific time period, however, is mentioned. In this case, the hearing in superior court was scheduled for May 5, 1980, and we are sure that the superior courts will expedite such matters.

■ We also conclude that there is no need in an RSA 169-B:29 (Supp. 1979) appeal to arraign the juvenile in superior court after a prior arraignment in district court has been timely held pursuant to RSA 169-B:13 (Supp. 1979). The function of bringing the accused juvenile before a judge to inform him of the basis for the charge is constitutionally served by the initial district court arraignment.

*Remanded.*